UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/11
```

------------------------------------------------------------X

ROBERT RAMIREZ, on behalf of himself                    :
and others similarly situated,                          :
                                                        :
                              Plaintiffs,               :        11 Civ. 0520 (JGK) (JLC)
                                                        :
              -v.-                                      :
                                                        :
LOVIN' OVEN CATERING SUFFOLK, INC.,                     :
WILLIAM RILEY and GERALD SCOLLAN,                       :
                                                        :
                              Defendants.               :

------------------------------------------------------------X

### ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP AS CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION PROCEDURE

WHEREAS, the above-captioned matter (the "Wage Action") came before the Court on

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 28);

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23(e) of the Federal

Rules of Civil Procedure, for an order approving the settlement of the claims alleged in the Wage

Action, in accordance with a Joint Stipulation of Settlement and Release dated October 11, 2011

(the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and

conditions for a proposed settlement of the Wage Action against Defendants and for dismissal of

the Wage Action against Defendants with prejudice upon the terms and conditions set forth

therein;

WHEREAS, all terms contained and not otherwise defined herein shall have the same

meanings set forth in the Agreement;

WHEREAS, the Court has read and considered the Agreement and the exhibits annexed

1

thereto, and the Agreement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval," In re Initial Public Offering Securities Litigation, 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (citations omitted); and

WHEREAS, the parties have consented pursuant to 28 U.S.C. § 636(c) to have the undersigned conduct all proceedings and enter a final order with respect to the motions for preliminary and final approval of this class action settlement (Dkt. No. 26);

**IT IS HEREBY ORDERED AS FOLLOWS:**

**Preliminary Approval of Settlement**

1. Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement, the Declaration of D. Maimon Kirschenbaum dated October 11, 2011 ("Kirschenbaum Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval (Dkt. Nos. 28-30), the Court preliminarily approves the settlement memorialized in the Agreement, which is attached as Exhibit 1 to the Kirschenbaum Declaration.

2. The Court concludes that the settlement set forth in the Agreement is fair, just, reasonable, and sufficient to be within the range of possible settlement approval, and in the best interests of the Settlement Class as defined in the Agreement (and in paragraph 4, below) (the "Class").

3. The Court further finds that the Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of wage and hour class and collective actions.

2

**Conditional Certification of the Proposed Rule 23 Settlement Class**

    4.  The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) for

settlement purposes consistent with section 1.6 of the Agreement:

> All persons employed by Lovin' Oven Catering Suffolk, Inc. as
> servers and bartenders at any time from January 25, 2005 through
> October 11, 2011 [the date the Agreement was executed].

    5.  Plaintiffs meet all of the requirements for class certification under Rules 23(a) and

(b)(3) of the Federal Rules of Civil Procedure.

    6.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because the parties estimate that the Class

includes more than 100 Members and thus joinder is impracticable.

    7.  Plaintiffs satisfy Fed. R. Civ P. 23(a)(2) because Plaintiffs and the Class Members

share common issues of fact and law, including but not limited to whether the policies,

programs, procedures, and protocols of Defendants violated the Class Members' right to receive

the mandatory 20 percent gratuities collected and retained by Defendants from private event

patrons.

    8.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because each Class Member's claim arises

from the same course of events, produced by a single system, namely Defendants' system for

collecting, explaining, representing, and distributing the service charge.

    9.  Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the named

Plaintiff and the Class Members' interests are at odds.  Plaintiff Robert Ramirez is an adequate

representative of the proposed Class, and has fairly and adequately protected the interests of all

Class Members.

    10. In addition, Plaintiffs satisfy Fed. R. Civ. P. 23(b)(3).  The record before the Court

demonstrates that common factual allegations and a common legal theory predominate over any

3

factual or legal variations among Class Members. Here, all members of the Class are unified by common factual allegations – that all Class Members were hourly, tipped employees of Defendants who were not paid a portion of the 20 percent mandatory gratuity that Defendants charged all private event patrons. The Class is also unified by a common legal theory – that these wage and hour policies violated federal and New York state law. Moreover, class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually.

**Appointment of Plaintiffs' Counsel as Class Counsel**

11. The Court appoints Joseph, Herzfeld, Hester & Kirschenbaum LLP ("JHHK") as Class Counsel because it meets all of the requirements of Rule 23(g) of the Federal Rules of Civil Procedure. JHHK did substantial work identifying, investigating, and settling Plaintiffs' and Class Members' claims, has years of experience prosecuting and settling wage and hour class actions, and is well-versed in wage and hour law and in class action law. Previous courts have found that JHHK has a "record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on this case are competent and experienced." Sand v. Greenberg, No. 08 Civ. 7840 (PAC), 2011 WL 1338196, at *2 (S.D.N.Y. Mar. 22, 2011).

**Approval of the Proposed Notice of Settlement**

12. The Court approves, as to form and content, the Notice of Proposed Class Action Lawsuit Settlement and Fairness Hearing ("Notice"), which is attached as Exhibit A to the Agreement, and directs its distribution to the Class.

13. The content of the Notice sufficiently complies with due process and Rule 23. Specifically, Rule 23(c)(2)(B) requires:

4

> the best notice that is practicable under the circumstances,
> including individual notice to all members who can be identified
> through reasonable effort. The notice must clearly and concisely
> state in plain, easily understood language: the nature of the action;
> the definition of the class certified; the class claims, issues, or
> defenses; that a class member may enter an appearance through an
> attorney if the member so desires; that the court will exclude from
> the class any member who requests exclusion; the time and manner
> for requesting exclusion; and the binding effect of a class judgment
> on members under Rule 23(c)(3).

14. The Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. The Notice describes its purpose, the terms of the settlement, how shares of the settlement fund will be calculated, how to collect settlement shares, the legal effect of the settlement, how to opt out of the proposed settlement, how to present objections to the proposed settlement, and it provides specific information regarding the date, time, and place of the final approval hearing.

15.     The Court concludes that the mailing and distribution of the Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class. Furthermore, the Notice complies fully with the requirements of Rule 23, the Constitution of the United States, and any other applicable laws.

**Class Action Settlement Procedure**

16. The Court hereby sets the following settlement procedure, consistent with the terms that the parties have stipulated to in the Agreement:

> a.     Within 30 calendar days of the date of this Order, Defendants shall
> provide the Claims Administrator with a list, in electronic form, of the
> names, last known addresses, and telephone numbers, the total number of
> hours worked during the Covered Period before June 30, 2008, the total
> number of hours worked during the Covered Period after July 1, 2008, and
> the dates of employment of all Class Members (Agreement, section

5

2.4(A));

b.      Within 5 calendar days of the date of this Order, Class Counsel will provide Defendants' Counsel with all Class Member address updates that they have received for inclusion in the list Defendants provide to the Claims Administrator (Agreement, section 2.4(A));

c.      The Claims Administrator shall mail the Notice in the form appended as Exhibit A to the Agreement and the Individual Class Member Claim Form appended as Exhibit C to the Agreement to all Class Members within 10 calendar days after receiving the information described in (a) and (b) above, using each class member's last known address as provided by Defendants and as updated by Class Counsel (Agreement, section 2.4(B));

d.      Class Members will have 60 calendar days from the date of the first mailing of the Notice to opt out of the settlement or object to it ("Notice Period") (Agreement, sections 2.5(A), 2.6(A));

e.      The Court will hold a hearing on **February 23, 2012 at 10:00 a.m.** ("Fairness Hearing") at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 18A;

f.      Plaintiffs will file a Motion for Judgment and Final Approval of Settlement no later than 7 calendar days before the Fairness Hearing, and submit a memorandum of law in support of an application for attorneys' fees and incentive awards (Agreement, section 2.7);

g.      If the Court grants Plaintiffs' Motion for Judgment and Final Approval, the Court will issue a Final Order and Judgment. If no appeal is taken, the Effective Date of the settlement will be 30 calendar days following the Court's entry of its Order Granting Final Approval. If an appeal is taken, then the Effective Date shall be 10 calendar days after the appeal is withdrawn or after any and all avenues of rehearing, reconsideration, or appellate review have been exhausted and no further rehearing, reconsideration, or appellate review is permitted, and the time for seeking such review has expired (Agreement, section 1.12);

h.      The Court shall retain jurisdiction over the interpretation and implementation of the Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of the Agreement and of the settlement contemplated thereby (Agreement, section 3.10(I)); and

i.      The parties shall abide by all other terms of the Agreement.

In light of this Order, the Clerk is directed to close the Motion to Approve Preliminarily Class Action Settlement (Dkt. No. 28).

**SO ORDERED.**

Dated:      New York, New York
            October 27, 2011

_____
JAMES L. COTT
United States Magistrate Judge

**Copies of this Order have been sent by ECF to all counsel.**

7