USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT RAMIREZ on behalf of
himself and others similarly situated,

                Plaintiffs,                        11 Civ. 0520 (JLC)

       -v.-

LOVIN' OVEN CATERING SUFFOLK, INC.,
WILLIAM RILEY and GERALD SCOLLAN,

                Defendants.
------------------------------------------------------------X

## FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT AND THE FLSA SETTLEMENT, AND GRANTING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND FOR CLASS REPRESENTATIVE SERVICE AWARD

On January 25, 2011, Plaintiff Robert Ramirez ("Ramirez"), on behalf of himself and all others similarly situated ("Plaintiffs"), filed a putative class and collective action complaint alleging that Defendants Lovin' Oven Catering Suffolk, Inc., William Riley, and Gerald Scollan (collectively "Lovin' Oven" or "Defendants") violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (Dkt. No. 1). Plaintiffs alleged that Defendants, which provide catering services, unlawfully retained gratuities to which service employees were entitled and failed to properly compensate service employees for overtime hours worked. Plaintiffs sought recovery of, inter alia, retained gratuities, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. Since the filing of the complaint, seven additional individuals filed consent to sue forms, thereby asserting FLSA claims in this action (Dkt. Nos. 7, 14, 20-21, 23-25).

On March 28, 2011, Defendants answered, disputed the material allegations in the complaint, and denied any liability in the action (Dkt. No. 13).

Prior to a settlement conference before the undersigned, the parties engaged in substantial informal discovery.  Defendants produced thousands of documents, including every event contract used during the time period covered by this lawsuit and pricing worksheets and invoices.  (Declaration of D. Maimon Kirschenbaum in Support of Plaintiff's [sic] Motion for Final Approval of Class Action Settlement, dated Feb. 16, 2012 ("Kirschenbaum Dec."), ¶¶ 5-9 (Dkt. No. 34)).

The parties participated in a five-hour settlement conference before the undersigned on August 4, 2011.  (Id. ¶ 10).  At the end of the conference, in order to break an impasse between the parties, the undersigned proposed that the parties settle this case for $4,750,000, payable over three years on a claims-made basis.  (Id. ¶ 12).  While Defendants did not (and do not) admit or concede any liability or damages, the parties ultimately accepted this proposal, except for the payment schedule, and subsequently negotiated a two-year payment schedule.  (Id. ¶ 13).

On October 27, 2011, the Court entered an Order ("Preliminary Approval Order") preliminarily approving the Joint Stipulation of Settlement and Release (the "Settlement Agreement") and authorizing dissemination of notice (the "Notice") to the Class (Dkt. No. 31). The Notice described (1) the terms of the settlement; (2) the relief available to Class Members; (3) the date, time, and place of the Fairness Hearing; (4) the procedures for objecting to the settlement and appearing at the Fairness Hearing; (5) the service award sought; (6) the attorneys' fees sought; and (7) contact information for Class Counsel.  The Notice was mailed to all 270 Class Members, along with a claim form indicating each Class Member's estimated settlement share.  (Preliminary Approval Order ¶¶ 12-15).  Thereafter, the third-party administrator in this

action, Kurtzman Carson Consultants, mailed the Court-approved Notice to all Class Members. (Kirschenbaum Dec. ¶ 23).

No Class Member has objected to the Settlement.  (Kirschenbaum Dec. ¶ 24).  One Class Member opted out of the Settlement.  (Id. ¶ 25).  182 Class Members, whose claims represent roughly 92% of the money available to Class Members under the Settlement, timely submitted claim forms.  (Id. ¶ 27).

Pursuant to the Preliminary Approval Order, Plaintiffs filed their Motion for Final Approval on February 16, 2012 (Dkt. No. 32).  Defendants did not oppose any portion of this motion.

The Court held a fairness hearing on February 23, 2012 (the "Fairness Hearing").

Having considered the Motion for Final Approval; the supporting memorandum of law (Dkt. No. 33); the Declaration of D. Maimon Kirschenbaum, dated February 16, 2012 and exhibits thereto; the Declaration of Jeannine Andreis, dated February 15, 2012 and exhibits thereto (Dkt. No. 35); the oral argument presented at the Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing, and for good cause shown, and the Court having consent jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) (Dkt. No. 26),

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:**

**Certification of the Settlement Class**

1. The Court certifies the following class under Fed. R. Civ. P. 23(e) for settlement purposes consistent with section 1.6 of the Settlement Agreement, as amended by the stipulation between the parties dated January 25, 2012 (Dkt. No. 34-2):

>All persons employed by Lovin' Oven Catering Suffolk, Inc. as servers or bartenders at Tribeca Rooftop at any time from January 25, 2005 until October 6, 2011.

2. Plaintiffs meet all of the requirements for class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

3. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because the Class includes 270 Members and thus joinder is impracticable.

4. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because the Class Members share common issues of fact and law, including but not limited to whether the policies, programs, procedures, and protocols of Defendants violated the Class Members' right to receive the mandatory 20 percent gratuities collected and retained by Defendants from private event patrons.

5. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because each Class Member's claim arises from the same course of events, produced by a single system, namely Defendants' system for collecting, explaining, representing, and distributing the service charge.

6. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because there is no evidence that the named Plaintiff and the Class Members' interests are at odds.  Plaintiff Robert Ramirez is an adequate representative of the proposed Class, and has fairly and adequately protected the interests of all Class Members.

7. In addition, Plaintiffs satisfy Fed. R. Civ. P. 23(b)(3).  The record before the Court demonstrates that common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members.  Here, all members of the Class are unified by common factual allegations – that all Class Members were hourly, tipped employees of Defendants who were not paid a portion of the 20 percent mandatory gratuity that Defendants charged all private event patrons.  The Class is also unified by a common legal theory – that

4

these wage and hour policies violated federal and New York state law.  Moreover, class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually.

**Approval of the Settlement Agreement**

8. The Court grants the Motion for Final Approval and approves the settlement and all terms set forth in the Settlement Agreement under Rule 23 and the FLSA.[1]  In doing so, the Court finds that the settlement is both procedurally and substantively fair, reasonable, adequate, and not a product of collusion.  It thus satisfies the criteria for settlement approval under Rule 23 and the FLSA.  See Fed. R. Civ. P. 23(e); Frank v. Eastman Kodak Co., 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (quoting Joel A. v. Giuliani, 218 F.3d 132, 138-39 (2d Cir. 2000)).  In making these findings, the Court has evaluated the factors set forth in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974), abrogated on other grounds by Goldberger v. Integrated Resources, Inc., 209 F.3d 43 (2d Cir. 2000), and determined that they support approval of the settlement.

9. The $4,750,000 settlement amount is substantial and includes meaningful payments to Class Members.  In reaching this conclusion, the Court is satisfied that the settlement was fairly and honestly negotiated.  It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.  See D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001)

---

[1] This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined.

(citations omitted).  Moreover, as the settlement amount was proposed by the undersigned, there is a presumption of fairness and arm's-length negotiations.

10.     The Court also gives weight to the parties' judgment that the settlement is fair and reasonable, as well as the Class's favorable response to the settlement.

**Dissemination of Notice**

11.     Pursuant to the Court's Preliminary Approval Order, the Notice was sent by first-class mail to each identified class member at his or her last known address.  (Kirschenbaum Dec. ¶ 23).  The Court finds that the Notice fairly and adequately advised Class Members of the terms of the settlement, as well as the right of Class Members to opt out of the class, to object to the settlement, and to appear at the fairness hearing conducted on February 23, 2012.  Class Members were provided the best notice practicable under the circumstances.  The Court further finds that the Notice and distribution of such Notice comported with all constitutional requirements, including those of due process.

**Award of Attorneys' Fees and Costs**

12.     On October 27, 2011, the Court appointed Joseph, Herzfeld, Hester & Kirschenbaum LLP ("JHHK") as Class Counsel because it met all of the requirements of Rule 23(g) of the Federal Rules of Civil Procedure.  (Preliminary Approval Order ¶ 11).

13.     Class Counsel did substantial work identifying, investigating, prosecuting, and settling Ramirez's and the Class Members' claims.

14.     Class Counsel have significant experience prosecuting and settling wage and hour class actions, and are well-versed in both wage and hour and class action law.

15. The work that Class Counsel performed in litigating and settling this case demonstrates their commitment to the Class and to represent the Class's interests. To this end, Class Counsel committed substantial resources to prosecuting this case.

16. Class Counsel were able to use their considerable expertise in the type of claims asserted in this action to achieve an excellent result for the Class in a highly efficient manner at an early stage of litigation.

17. The attorneys' fees requested were entirely contingent upon success in this litigation. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

18. Accordingly, the Court grants Plaintiffs' motion for attorneys' fees, and awards Class Counsel 25% of the total settlement amount, or $1,187,500, as attorneys' fees to be paid from the settlement fund.

19. The Court finds that the amount of fees requested is fair and reasonable using the "percentage-of-fund" method, which is consistent with the "trend in this Circuit." See McDaniel v. Cty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Given that this case settled quickly relative to the filing of the complaint, Class Counsel's request for 25% of the fund is reasonable and consistent with (if not lower than) the norms of class litigation in this Circuit. In making this finding, the Court has considered the factors set forth in the Second Circuit's decision in Goldberger. 209 F.3d at 50.

20. The Court also awards Class Counsel $593 for costs and expenses incurred in this litigation to be paid from the settlement fund, an amount which the Court finds reasonable.

**Reasonable Service Award to Plaintiff Ramirez**

21.     The Court approves a $10,000 Service award, to be paid from the settlement fund, for Plaintiff Robert Ramirez.  This Service award is reasonable in light of the efforts Ramirez expended in furthering the interests of the Class.

22.     Such service awards are common in class action cases and are important to compensate a plaintiff such as Ramirez for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by a plaintiff.

**Claims Administrator's Fees**

23.      Finally, the Court awards the Claims Administrator its reasonable fees, subject to Class Counsel's review of the Claims Administrator's invoices, in administering this settlement, to be paid out from the settlement fund.

**Conclusion**

24.     This Settlement shall be effective 30 days after entry of this Final Approval Order if no appeal is taken.  If an appeal is taken in this matter, the effective date shall be 10 days after the appeal is withdrawn or after an appellate decision affirming the Final Approval Order becomes final.

25.     Upon the date of this Final Approval Order, each Class Member shall have released all NYLL claims against Defendants that were or could have been asserted in this lawsuit through October 6, 2011, including all NYLL claims for unpaid tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims.

26.     Upon the date of this Final Approval Order, each Qualified Class Member, *i.e.*, a Class Member who timely submitted a claim form, shall have released all FLSA claims against

8

Defendants that were or could have been asserted in this lawsuit through October 6, 2011, including all FLSA claims for unpaid minimum wages, overtime wages, tips, liquidated damages, and attorneys' fees and costs related to such claims.

27. The case is dismissed with prejudice and without costs to any party. All Class Members, except the individual who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class action lawsuit against the Releasees concerning the Released Claims.

28. Without affecting the finality of this Final Approval Order, the Court retains jurisdiction over this case to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Final Approval Order.

29. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Approval Order be, and hereby is, entered as a final order and judgment of the Court.

30. This Final Approval Order resolves docket number 32. The Clerk is requested to close this case.

**SO ORDERED.**

Dated: February 24, 2012
   New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

**This Final Order and Judgment has been sent to all counsel of record via ECF.**

9